IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------ : | |
| ISMAEL CAMCHO, III, : | CASE NO. 4:10 CV 01650 |
| : | 4:07 CR 0603 |
| Petitioner, : | |
| : | MEMORANDUM OF OPINION AND |
| -vs- : | ORDER DENYING APPOINTMENT |
| : | OF COUNSEL AND REQUIRING A |
| : | REPLY BRIEF BY 19 NOVEMBER |
| UNITED STATES OF AMERICA, : | 2010 |
| : | |
| Respondent. : | |
| ------------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

In this instance, defendant Ismael Camacho, III ("Mr. Camacho") has timely requested an appointment of counsel to represent him in his pursuit of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his request, Mr. Camacho articulated several reasons for seeking appointment of counsel to challenge his sentence under § 2255 for ineffective assistance of trial counsel, namely indigency and his lack of the proper resources to carry his claim forward.

After pleading guilty to conspiracy to possess with the intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. §§ 846, Mr. Camacho was sentenced by this Court on 14 July 2009 to the custody of the Bureau of Prisons for a period of 180 months with five years of supervised release to follow. (Doc. 191).

Although there is no constitutional authority for the appointment of counsel in civil cases, there is statutory authority for appointing counsel in habeas corpus actions

brought under 28 U.S.C. §§ 2241, 2254, and 2255; this authority may be found in the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(2)(B). See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). Section 3006A(2)(B) of the CJA provides in relevant part: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(2)(B).

Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases. James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (3d ed.1998). A district court does not abuse its discretion, by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." See . Mira v. Marshall, 806 F.2d 636, 638 (6th Cir.1986); Swazo v. Shillinger, 23 F.3d 332, 333 (10th Cir.1994); Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir.1991).

In the present action, Petitioner has submitted a habeas claim which has raised multiple issues for habeas relief. In the present request for appointment of counsel, Mr. Camacho's framing of the reasons he seeks to eventually pursue a § 2255 motion was sufficiently clear, coherently organized and well presented such that the Court does not

foresee any difficulty in weighing the merits of his § 2255 claim and eventual reply to the government's responsive brief.  Further, the court does not view the case as complex.

As a result, the Court does not find it in the interest of justice to appoint counsel for Mr. Camacho. Accordingly, Mr. Camacho's motion for appointment of counsel pursuant to 18 U.S.C. § 3006A, is denied.

Further, Mr. Camacho's request for a sixty-day extension in which to reply to the government's responsive brief is partially granted.  Mr. Camacho has until 19 November 2010 to file his responsive brief with the Court.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 28 October 2010