IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
  ISMAEL CAMACHO, III                 : CASE NO.  1:07 CR 0603
                                      :           1:10 CV 01650
           Defendant-Petitioner,      :
                                      : <u>MEMORANDUM OF OPINION AND</u>
        -vs-                          : <u>ORDER DENYING PETITIONER</u>
                                      : <u>RELIEF UNDER 28 U.S.C. § 2255.</u>
                                      :
  UNITED STATES OF AMERICA,           :
                                      :
           Plaintiff-Respondent.      :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Ismael Camacho, III ("Mr. Camacho") seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 199: 7 CR 603).  In his *pro se* Petition, Mr. Camacho maintains three grounds for relief: 1) Ineffective assistance of counsel for not "adequately objecting to the two level increase [sentencing enhancement] under [U.S.S.G.] § 2D1.1(b)(1); 2) Ineffective assistance of counsel for "not adequately objecting to the four level increase under [U.S.S.G.] § 3B1.1(a); and, 3) Ineffective assistance of counsel for "not adequately arguing for a downward departure from the advisory [Sentencing] [G]uidelines".  (Doc. 199, p. 4, Memorandum pp. 5-12).

The government responded to Mr. Camacho's petition in opposition.  (Doc. 203). The government first notes that even though Mr. Camacho cloaks each of his three grounds for relief in the language of ineffective assistance of counsel, he is actually seeking to challenge the terms of the Plea Agreement to which he voluntarily and knowingly consented.  As such, the government contends Mr. Camacho's claims are

not properly before the Court. Further, the government challenges Mr. Camacho's ineffective assistance of counsel claims on the merits.

For the reasons discussed below, Mr. Camacho's §2255 petition will be denied.

**I. Background**

On 27 November 2007, Mr. Camacho was charged, along with other co-defendants, in a multiple-count indictment with conspiring to possess with intent to distribute and to distribute at least one kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and to possess with the intent to distribute and to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).

In May 2009, after negotiations between the government and defendant, Mr. Camacho entered into a Rule 11(c) Plea Agreement in which he pled guilty to the conspiracy count of the Indictment. (Doc. 181, Plea Agreement). In the Plea Agreement, Mr. Camacho agreed to waive nearly all of his appellate and post-conviction rights but reserved the right to a collateral attack for ineffective assistance of counsel or prosecutorial misconduct. Mr. Camacho also reserved the right to appeal "any punishment in excess of the statutory maximum [and] any punishment to the extent it represents a sentence higher than the advisory Sentencing Guideline range deemed most applicable by the Court." (Doc. 181, p. 9 ¶20). The Plea Agreement contained stipulations regarding the quantity of drugs attributable to Mr. Camacho, acknowledgment that Mr. Camacho's prior conviction subjected him to a statutorily enhanced sentence of a mandatory minimum of 20 years to a maximum of life

2

imprisonment, and an agreed-upon Sentencing Guideline computation.  That computation included an agreement that there would be a two-level enhancement to his base-level offense of 32 for the possession of a firearm, and a two-level enhancement for Mr. Camacho's role in the offense.  (Doc. 181, pp. 4-5, ¶8)

At his sentencing hearing, the Court found the Guideline offense level of 32 applicable, as contemplated by the parties in the Plea Agreement and found by the probation officer in the presentence report.  (Doc. 203, Exhibit A Sentencing Transcript). The Court acknowledged the enhancements agreed to in the Plea Agreement, acknowledged Mr. Camacho's cooperation and his acceptance of responsibility.  (Tr. Pp. 10, 11, 15).  The Court concluded, in accordance with the parties' Plea Agreement, that Mr. Camacho's total adjusted offense level was 32 with a Criminal History IV.  Mr. Camacho's offense level and criminal history yielded an associated range of from 168 to 210 months imprisonment.  The Court sentenced Mr. Camacho to 180 months imprisonment.  (Tr. 38).

## II.  Law and Argument

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 in the district court where he was sentenced.  Title 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255

3

(2006).  Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings.  Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993).  To prevail on a non-constitutional error, the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  Watson v. United States, 165 F.3d 486, 488 (6th Cir.1999) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)).  Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal," United States v. Frady, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted ... we are entitled to presume he stands fairly and finally convicted." Id. at 164.

### A.      Claims Already Waived

Mr. Camacho's three grounds for relief are direct challenges to the terms of the Plea Agreement.  While presumptively cloaked in terms of a collateral attack on the effectiveness of counsel, Mr. Camacho actually seeks to challenge the terms of Guideline enhancements and departures upon which he had already stipulated in the Plea Agreement.  By the very terms of the Plea Agreement Mr. Camacho waived any right to challenge his sentence unless the punishment was in excess of the statutory maximum or it represented a sentence beyond the advisory Sentencing guideline range.  Because Mr. Camacho's sentence was below the statutory maximum of life imprisonment, and within the advisory guideline range, he has waived his right to make

the challenges he now seeks under the guise of a §2255 ineffective assistance of counsel claim.  As such, the Court will deny his §2255 claim as waived.

### B. Ineffective Assistance of Counsel Claims Fail on Merit

Even if the Court were to construe Mr. Camacho's §2255 claims as a bona-fide request for relief due to ineffective assistance of counsel, there are no grounds for finding either that Petitioner's counsel's performance was deficient or that it prejudiced his defense.

Criminal defendants are entitled to the assistance of counsel for their defense pursuant to the Sixth Amendment of the U.S. Constitution. U.S. Const. amend. VI; see also, Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003).  A right that is derivative of the right to counsel is the right to have effective assistance of counsel.  Moss, 323 F.3d at 454; see also, Strickland v. Washington, 466 U.S. 668, 685-86 (1984).  The "benchmark of effectiveness 'must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000) (quoting Strickland, 466 U.S. at 686).

In Hofbauer the Sixth Circuit explained the two-part test for ineffective assistance of counsel as described in Strickland:

> First a defendant must show that counsel's performance was 'deficient,' involving 'errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'.... Second, even if counsel's performance is deemed deficient, a defendant must show that those deficiencies were prejudicial to the defense. To make this showing, the defendant must demonstrate that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the

5

> proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'

Hofbauer, 228 F.3d at 702 (quotations omitted).

Within the context of a guilty plea, the Sixth Circuit has noted:

> In order to show that deficient performance prejudiced the defense when a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." A defendant can meet this burden by showing, for example, that there was an "affirmative defense," such as an insanity defense, that "likely would have succeeded at trial," or by showing that he or she was not competent to plead guilty. A defendant is competent if he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him."

Stewart v. Morgan, 2007 WL 1451974 *4 (6th Cir.2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985); Dusky v. United States, 362 U.S. 402, 402 (1960) and citing Jermyn v. Horn, 266 F.3d 257, 283 (3rd Cir.2001); Eddmonds v. Peters, 93 F.3d 1307, 1317 (7th Cir.1996)).

The record indicates that Mr. Camacho represented to the Court that he was competent to enter a plea of guilty and that he entered the Plea Agreement knowingly and voluntarily. Mr. Camacho agreed to the role and firearm enhancements as terms and conditions of the Plea Agreement. As Mr. Camacho agreed to the terms of the Plea Agreement, he cannot now establish that his counsel was ineffective for failing to argue contrary to the terms of the very agreement Mr. Camacho knowingly and voluntarily entered. Such representations of competency "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir.1996). Further, pursuant to the terms of the Plea Agreement fashioned by the parties and agreed to by

6

Mr. Camacho, the Court granted a one-level downward departure under U.S.S.G. § 5K1.1 for cooperation with the government even though Mr. Camacho was not called upon to testify at any trial.

Mr. Camacho has failed to show that his counsel's performance was deficient as he has failed to square his allegations with the clear statements in the Plea Agreement applying the role and possession enhancements.  Further, there is no evidence on the record, or presented by Mr. Camacho, that he was prejudiced by his counsel's alleged conduct that deprived him of due process.

### C. Certificate of Appealability

The Court declines to issue a certificate of appealability ("COA").  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Id. at 483-4 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

7

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  Id. at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

For the reasons set forth above, the Court finds Mr. Camacho has not shown the Court's decision was "debatable or wrong" within the meaning of Slack.  Accordingly, the Court declines to issue a certificate of appealability.

### III.  Conclusion

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief."  28 U .S.C. § 2255; see also Rule 4(b), 28 U.S.C. § 2255 Rules.  Therefore, the Court finds the motion may be resolved without an evidentiary hearing.  United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).  Mr. Camcho's conviction and sentence are valid and his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 12 December 2011